**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**vs.** **CR. No. 06-60S**

**DAVID GALLAGHER**

# MOTION FOR DISCLOSURE OF IDENTITY OF INFORMANT AND FOR PRODUCTION OF EXCULPATORY EVIDENCE

Now comes the defendant, by and through counsel, and moves this honorable court to enter an order compelling disclosure of the identity of the government's informant, together with the following:

1. The informant's full name, all known aliases, and date of birth;
2. All prior arrests of said informant, and any convictions resulting from said arrests, either in Rhode Island or in any other jurisdiction;
3. All payments or "expense reimbursements" made to the informant for "expenses while assisting in investigations;"
4. All promises of consideration given to the informant, including promises of non-prosecution or discussions concerning non-prosecution. Giglio v. United States, 405 U.S. 150 (1972); and
5. Any evidence of the informant's usage of or dependency on alcohol or narcotic drugs.

The defendant relies on the accompanying memorandum in support of this motion.

DAVID GALLAGHER
By his attorney,

Thomas G. Briody
R.I. Bar no. 4427
72 Pine Street
Providence, RI 02903
(401) 751-5151
(401) 331-7454 (facsimile)
Tbriodylaw@aol.com

CERTIFICATION

The undersigned certifies that on this 30th of June, 2006, the defendant mailed a true copy of this motion to Sandra Beckner, Assistant United States Attorney, Bank of America Center, Providence, RI 02903, by first class mail.

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**vs.** **CR. No. 06-60S**

**DAVID GALLAGHER**

## MEMORANDUM IN SUPPORT OF MOTION FOR DISCLOSURE OF IDENTITY OF INFORMANT AND FOR PRODUCTION OF EXCULPATORY EVIDENCE

David Gallagher has been indicted for possession of 9.5 grams of cocaine base with intent to distribute, in violation of 18 U.S.C. § 841. The United States has also filed a notice to enhance Mr. Gallagher's sentence pursuant to 18 U.S.C. § 851. As a result, Mr. Gallagher faces a potential mandatory minimum penalty of ten years in prison.

The indictment is based on an alleged controlled delivery of cocaine base to an informant ("confidential source") employed by the DEA on April 10, 2006. The informant was the exclusive contact with Mr. Gallagher on April 10. The informant is undisputedly a percipient witness to the events that have led to the charge against Mr. Gallagher.

A criminal defendant is entitled to know the identity of an informant if the informant was a percipient witness to or directly participated in the criminal transaction. Roviaro v. United States, 353 U.S. 53, 62 (1957). The so-called informer's privilege "must give way if 'the government's informer was the sole participant, other than the accused, in the transaction charged . . . [and] was the only witness in a position to amplify

or contradict the testimony of government witnesses.'" United States v. Bibbey, 735 F.2d 619, 621 (1st Cir. 1984) (quoting Roviaro, 353 U.S. at 64).

The standard pre-trial order entered in this matter specifically compels disclosure of all material or information within the meaning of Giglio v. United States, 405 U.S. 150 (1972) (promises of consideration to an informant must be disclosed to defendant), as well as any information which tends to negate the guilt of the accused. See Brady v. Maryland, 373 U.S. 83 (1963), Giles v. Maryland, 386 U.S. 66 (1967).

The United States has acknowledged in its response to Mr. Gallagher's discovery request that it is "aware" of its obligations under Brady and its continuing duty to provide exculpatory evidence in this case. Despite this fact, the government has, as of this date, refused to provide any information regarding the informant, including information about his identity, criminal history, or promises, rewards and inducements.

The use of informants by police agents is perhaps the most sordid and distasteful aspect of law enforcement. Federal and local police officers, in their zeal to obtain arrests, continually employ admitted criminals to uncover criminal activity. As Judge Stephen Trott, a career prosecutor, once observed:

> By definition, criminal informants are cut from untrustworthy cloth and must be managed and carefully watched by the government and the courts to prevent them from falsely accusing the innocent, from manufacturing evidence against those under suspicion of crime, and from lying under oath in the courtroom... Because the government decides whether and when to use such witnesses, and what, if anything, to give them for their service, the government stands uniquely positioned to guard against perfidy... Accordingly, we expect prosecutors and investigators to take all reasonable measures to safeguard the system against treachery. This responsibility includes the duty as required by Giglio to turn over to the defense in discovery all material information casting a shadow on a government witness' credibility.

United States v. Bernal-Obeso, 989 F.2d 331, 333-34 (9th Cir. 1993) (emphasis added).

In this case, it appears that the activities of the informant will play a significant role at trial. It is essential to a fair and just trial process that the United States provide any information that tends to call the informant's credibility into question, and to do so in a timely manner so that the defendant may properly investigate, evaluate the strength of the government's case, and prepare for trial.

Accordingly, the defendant asks that this motion be granted, and that the government provide all information sought in this motion, including but not limited to the following:

1. The informant's name, all known aliases, and date of birth;
2. All prior arrests of said informant, and any convictions resulting from said arrests, either in Rhode Island or in any other jurisdiction;
3. All payments or "expense reimbursements" made to the informant for "expenses while assisting in investigations;"
4. All promises of consideration given to the informant, including promises of non-prosecution or discussions concerning non-prosecution. Giglio v. United States, 405 U.S. 150 (1972); and
5. Any evidence of the informant's usage of or dependency on alcohol or narcotic drugs.

Because production of this information is essential a full and fair evaluation of this evidence, defendant asks this court to instruct the government to provide the requested information no later than 10 days from the date of the court's order.

DAVID GALLAGHER
By his attorney,

Thomas G. Briody
R.I. Bar no. 4427
72 Pine Street
Providence, RI 02903
(401) 751-5151
(401) 331-7454 (facsimile)
Tbriodylaw@aol.com

CERTIFICATION

The undersigned certifies that on this 30th of June, 2006, the defendant mailed a true copy of this motion to Sandra Beckner, Assistant United States Attorney, Bank of America Center, Providence, RI 02903, by first class mail.