**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 06-060S** |
| | : | |
| **DAVID GALLAGHER** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF IDENTITY OF INFORMANT AND FOR PRODUCTION OF EXCULPATORY EVIDENCE**

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Sandra R. Beckner, Assistant United States Attorney, and hereby objects to Defendant's "Motion for Disclosure of Identity of Informant and for Production of Exculpatory Evidence" for reasons stated in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

SANDRA R. BECKNER
Assistant United States Attorney

15

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of July, 2006, I faxed a copy of the Government's Response and Accompanying Memorandum to:

Mr. Thomas G. Briody
Attorney at Law
72 Pine Street, 1st Floor
Providence, Rhode Island 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 06-060S |
| | : | |
| DAVID GALLAGHER | : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF IDENTITY OF INFORMANT AND FOR PRODUCTION OF EXCULPATORY EVIDENCE

Defendant's "Motion for Disclosure of Identity of Informant and for Production of Exculpatory Evidence" should be DENIED at this time because the defendant has not met his burden to establish that this information is necessary for the preparation of his defense, and that his interest in this information outweighs the government's interest in safe-guarding the informant and protecting the integrity of ongoing criminal investigations.

The government respectfully requests the Court to order the government to reveal the identity of the informant one week prior to jury selection, and to disclose Giglio material one week after the defendant provides notice of trial.

## FACTUAL BACKGROUND

In the spring of 2006, Task Force Agent (TFA) Mike Naylor with the Drug Enforcement Administration (DEA) began investigating the defendant's narcotics business. As part of his investigation, TFA Naylor used an informant to purchase "crack" cocaine from the defendant. On March 31, 2006, the defendant sold "crack" cocaine to the informant on two occasions, with the first sale involving approximately 7 grams or $300 worth of "crack" cocaine, and the second sale involving approximately 12 grams or $500 worth of "crack" cocaine. Then, on April 7, 2006, the defendant sold the same informant 9.2 grams of "crack" cocaine for $500. Again, on

April 10, 2006, the same informant purchased 9.5 grams of "crack" cocaine from the defendant. These transactions were recorded.

On May 10, 2006, the federal grand jury for the District of Rhode Island returned an indictment charging the defendant with the possession with the intent to distribute 9.5 grams of "crack" cocaine on April 10, 2006.

TFA Naylor, acting upon a federal arrest warrant, arrested the defendant on May 16, 2006 at the Harbor Base Pineapple Motel in Newport, Rhode Island. At the time of his arrest, the defendant showed TFA Naylor where another 23 grams of "crack" cocaine, and 13 grams of powder cocaine were hidden in the defendant's hotel room. TFA Naylor also found a set of digital scales and packaging material in the defendant's room.

After being advised of his Miranda rights, the defendant confessed to TFA Naylor. He admitted that he distributed kilogram quantities of cocaine, and that he had distributed "crack" cocaine to the informant on multiple occasions. The defendant also told TFA Naylor that he suspected the informant was in fact a government cooperator, and that he "should just kill him." The defendant stated, "I would lie in bed thinking I should just kill him [the inforamnt]."

The defendant is detained, and has indicated an interest in pleading guilty. On June 22, 2006, the government made the defendant an offer, and has given the defendant until July 17, 2006 to accept that offer. On June 30, 2006, the defendant filed this "Motion for Disclosure of Identity of Informant and for Production of Exculpatory Evidence." The pretrial conference is scheduled for July 24, 2006.

## ARGUMENT

The government has a privilege to withhold the identity of an informer, but that privilege

is limited when the "disclosure of an informer's identity . . . is relevant and helpful to the defense . . . or is essential to a fair determination of a cause. . . ." Roviaro v. United States, 353 U.S. 53, 59-60 (1957). The defendant bears the heavy burden of establishing that the identity of the confidential informant is necessary to his defense before he is entitled to disclosure. United States v. Gomez-Genao, 267 F.3d 1 (1st Cir. 2001). In determining whether the defendant met his burden, the court must balance the "accused's right to prepare and present his defense against the public interest in acquiring needed information and the informant's stake in confidentiality." United States v. Perez, 299 F.3d 1, 4 (1st Cir. 2002).

In the case at hand, should the defendant request a trial, the government would call the informant as a witness. Thus, the question before the court is not so much whether the defendant is entitled to disclosure of the informant's identity, and any impeaching material associated with the informant, but when is the defendant entitled to it. The answer to that question, quite simply, is not yet.

"There is no requirement under F.R.Crim.P. 16 or otherwise in the law, mandating the disclosure to the defense of the identity of the government's trial witnesses." United States v. Reis, 788 F.2d 54, 58 (1st Cir. 1986); see also United States v. Edwards, 47 F.3d 841, 843 (7th Cir. 1995) ("It is well settled that the Constitution does not require pretrial disclosure of prosecution witnesses."). Furthermore, even the Brady exculpatory evidence rule does not require the government to reveal its witnesses' names to the defendant in advance of trial. See United States v. Higgs, 713 F.2d 39, 44 (3rd Cir. 1983) ("The Brady material in this case was information that appellees could use on cross-examination to challenge the credibility of witnesses. For that type of material, we think appellees' right to a fair trial will be fully protected

if disclosure is made the day that the witness testifies.") (citing cases); United States v. Adames Santos, 89 F.3d 824, 1996 WL 402051, at *1 (1st Cir. 1996) (unpublished).

Not only is the government free to withhold the names of its witnesses prior to trial, but "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." United States v. Ruiz, 536 U.S. 622, 633 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002). The First Circuit has gone so far as to find no prejudice to the defendant where disclosure of a witness' plea and cooperation agreement took place either shortly before trial or even after trial commenced. See United States v. Casas, 356 F.3d 104, 114 (1st Cir. 2004); United States v. Villarman-Oviedo, 325 F.3d 1, 13 (1st Cir. 2003).

In this case, the court should not compel the government to reveal the identity of the informant or any impeaching material associated with the informant until much closer to trial. Defendant does not articulate how impeaching material becomes useful to the defense prior to cross-examination, and thus, defendant has completely failed to meet his burden that such information is necessary for the preparation of his defense. In fact, the defendant has quite clearly indicated that he has no intention of raising a defense.

To require disclose of the identity and impeaching material of the informant at this time not only imposes a burden on the government that is not required by law, but jeopardizes ongoing investigations. Of more concern, however, is the safety of the informant. This is particularly true in this case, where the defendant has so clearly indicated his desire to kill the informant.

## CONCLUSION

For the reasons set forth above, the government respectfully requests that this Honorable Court DENY the defendant's "Motion for Disclosure of Identity of Informant and for Production of Exculpatory Evidence." The government respectfully requests the Court to order the government to reveal the identity of the informant no earlier than one week prior to jury selection, and the disclosure of any Giglio material within one week of the defendant providing notice of trial.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

SANDRA R. BECKNER
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of July, 2006, I faxed a copy of the Government's Response and Accompanying Memorandum to:

Mr. Thomas G. Briody
Attorney at Law
72 Pine Street, 1st Floor
Providence, Rhode Island 02903