UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR No. 06-60S
:
DAVID GALLAGHER :

**MEMORANDUM AND ORDER**

Before this Court for determination is Defendant's Motion for Disclosure of Identity of Informant and for Production of Exculpatory Evidence (Document No. 13) filed on June 30, 2006. See 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). A hearing was held on July 13, 2006. For the reasons discussed below, Defendant's Motion is GRANTED.

**Background**

Defendant is indicted with one count of possessing 9.5 grams of cocaine base, i.e., crack cocaine, with intent to distribute. 21 U.S.C. § 841(a)(1) and (b)(1)(B). The indictment alleges that this offense took place on or about April 10, 2006. It is undisputed that the indictment is based on the alleged sale by Defendant of 9.5 grams of crack cocaine to a DEA confidential informant (the "CI"). The Government represents that Defendant also sold crack cocaine to the CI on March 31, 2006 (twice – 7 and 12 grams) and on April 7, 2006 (9.2 grams). The Government also indicates that 23 grams of crack cocaine and 13 grams of powder cocaine were seized at the time of Defendant's arrest. Finally, the Government proffers that Defendant, post-Miranda, admitted selling crack cocaine to the CI on multiple occasions, and Defendant stated that he had suspicions about the CI's status as a Government cooperator and "I would lie in bed thinking I should just kill him." Gov't's Mem. in Opp'n, p. 2.

The indictment in this case was returned on May 10, 2006. Defendant was arrested on May 16, 2006 and arraigned the following day. This case was originally on Judge Smith's July trial calendar. On June 22, 2006, Judge Smith granted Defendant's Motion to Continue, and the matter was continued to the August 2006 empanelment. (Document No. 11). A final pretrial conference before Judge Smith is currently scheduled for July 24, 2006 and empanelment on August 1, 2006.

**Discussion**

Defendant contends that disclosure of the CI's identity and related Brady/Giglio information, such as the CI's criminal history, and "promises, rewards and inducements," is essential to a "full and fair evaluation" of this case. The Government represents that "should the defendant request a trial, the Government would call the [CI] as a witness." Gov't's Mem. in Supp., p. 3. Thus, it concedes that Defendant "is entitled to disclosure of the [CI's] identity, any impeaching material associated with the [CI]," but not at this time. Id. The Government requests an order that it reveal the CI's identity "no earlier than one week prior to jury selection, and the disclosure of any Giglio material within one week of the defendant providing notice of trial." Id. at 5.

The Government relies primarily on the so-called informant's privilege in refusing to disclose the CI's identity. See Roviaro v. United States, 353 U.S. 53 (1957). This privilege is not, however, absolute and the First Circuit has "held that disclosure must be forthcoming if 'the government informant was the sole participant, other than the accused, in the transaction charged,' or was 'the only witness in a position to amplify or contradict the testimony of government witnesses.'" United States v. Martinez, 922 F.2d 914, 920-21 (1st Cir. 1991), quoting Roviaro, 353 U.S. at 64 (emphasis added). See also United States v. Bibbey, 735 F.2d 619, 621 (1st Cir. 1984).

In this case, it is undisputed that the CI was the "sole participant" (other than Defendant allegedly) in the charged April 10, 2006 drug transaction. Defendant's counsel proffered that the Government produced a video tape of the April 10 transaction but that it is very difficult to identify the individuals involved. Further, the Government has clearly indicated that it will call the CI as a witness if this case goes to trial presumably because this is a "sole participant" situation.

The Government has proposed a plea agreement to Defendant and apparently has given him a July 17, 2006 take-it or leave-it deadline. It is apparent that the Government's intent is to require Defendant to decide if he wants to go to trial and only to give him full disclosure as to the CI if he requests a trial. Defendant contends, citing United States v. Snell, 899 F. Supp. 17 (D. Mass. 1995), that it is fundamentally unfair to require him to make this important decision (plea or trial) without full disclosure of information the Government concedes he is entitled to and would be produced in any event at least one week prior to empanelment. Under the unique facts of this case and because this case is scheduled for empanelment in seventeen (17) days, this Court agrees with Defendant. See United States v. Velazquez, No. 96 CR 291, 1997 WL 328660 at *8 (N.D. Ill. June 5, 1997) (government agreed to disclose identity of any testifying informants and general impeaching information as to them "at least four weeks prior to trial").

While this Court has been very cautious to order disclosure of the identity of informants for obvious reasons, this case is unique because the CI is a "sole participant" and will be the Government's key witness at trial. The Government asserts that disclosure will jeopardize ongoing investigations but offers no specifics. It also raises a concern about the CI's safety based on Defendant's alleged statement to the arresting DEA agent that he "should [have] just kill[ed] [the CI]." Again, the Government offered no evidentiary support for this alleged threat, and the DEA

agent was not present to testify as to the threat or any specific safety concerns. Defendant, through counsel, denied making the threat. Further, Defendant is incarcerated and thus not in any position to personally harm the CI. Since the Government presented this case to the Grand Jury based on the April 10, 2006 transaction, it did so knowing that the CI would have to testify and that his identity would have to be disclosed. The Government's indication that the CI's identity will only be disclosed one week prior to jury selection effectively precludes Defendant from considering such information before entering into a plea agreement because of the Government's imposed plea agreement deadline. Moreover, Judge Smith's Pretrial Scheduling Order (Document No. 7) indicates that pleas will generally not be accepted during the one week which precedes empanelment, and untimely pleas will not qualify for the three level guideline reduction for acceptance of responsibility. (Document No. 7).

**Conclusion**

For the foregoing reasons, Defendant's Motion for Disclosure of Identity of Informant and for Production of Exculpatory Evidence (Document No. 13) is GRANTED. The Government shall produce the responsive materials by noon on July 17, 2006 if the plea agreement deadline remains July 17, 2006. If the plea agreement deadline is extended to July 24, 2006 as represented by the Government at the hearing, the Government shall produce the responsive materials by July 20, 2006.

LINCOLN D. ALMOND
United States Magistrate Judge
July 14, 2006