# DEFENDANT STATEMENT

EXHIBIT 2

Incident No. 06-12061-AR
Page 1 of 6

DATE: Ay 16, 2006
TIME:
PLACE: N.P.D.

I, David I. Gallagher, voluntarily, without threats or promises, make the following statements:

**Q. What is your name?**
A. David I.Gallagher
**Q. What is your present address?**
A. 82 Whitemarsh St., Prov., RI 02901

**Q. What is your date of birth?**
A. 10/19/70
**Q. What is your occupation?**
A.

Q. David, have you been read your rights today?

A. Yes.

Q. You signed a rights form indicating you understood them?

A. Yes.

Q. On this date you were arrested by a federal arrest warrant, is that fair to say?

A. Yes.

Q. And you were arrested at the Pineapple Harborbase Motel?

A. Yes.

Q. And at that time we spoke to you in the back seat of my car, is that fair to say?

A. Yes.

Q. And during that course of discussing, you admitted that you had some more cocaine in the room, is that correct?

A. Yes.

Q. Did you direct me to where that cocaine was?

A. Yes.

Statement taken by: Det. M. Naylor
Witnesses:

SIGNATURE

# DEFENDANT STATEMENT

Incident No. 06-12061-AR


DATE: Ay 16, 2006
TIME:
PLACE: N.P.D.

Q. Did you do so freely without any threats and promises?

A. Yes, I did.

Q. And I located about approximately twenty-five grams of crack in plastic so it could be a little less, is that fair to say?

A. Approximately, yes.

Q. And some powder cocaine?

A. A little bit, yes.

Q. And a small amount of marijuana, is that fair to say?

A. Yes.

Q. Who do those drugs belong to?

A. The powder and the weed was my personal use thing. The other shit, the other stuff is, you know, the other stuff is all mine but.

Q. The other stuff was for sale? The other stuff that we're referring to is the hard form of crack/cocaine, is that correct?

A. Yes.

Q. Is it fair to say that we've been talking for about a half an hour now?

A. Yes.

Q. And I got to show you some video tapes after you were read your rights, is that fair?

A. Yes.

Q. In the course of that you were able to see yourself making some deliveries, is that fair to say, to a cooperating witness?

Statement taken by: Det. M. Naylor
Witnesses:

SIGNATURE

# DEFENDANT STATEMENT

Incident No. 06-12061-AR


DATE: Ay 16, 2006
TIME:
PLACE: N.P.D.

A. Pause that real quick.

Q. Sure.

A. Show me something; I'm into it.

Q. I got you. Is it fair

A. It's like, actually I threw this, I knew I didn't have a good (inaudible).

Q. I understand. Is it fair to say I've got you meeting with a cooperating witness on videotape?

A. Yes.

Q. And at those times we spoke and is it fair to say you admitted selling him five hundred dollars worth of crack/cocaine on one of those occasions?

A. Yes.

Q. And on one occasion, I believe, it was three hundred dollars, is that fair to say? Was it three or four on one occasion?

A. I don't recall.

Q. I showed you two different particular deals, actually three. The third deal I told you was blocked, your view was blocked at the Burger King, is that fair to say?

A. I do, yeah.

Q. In the course of that we were discussing that you're not that big a dealer, is that fair to say?

A. Yeah.

Q. Is it fair to say that you, you say you're still working your regular job?

A. Yes.

Statement taken by: Det. M. Naylor
Witnesses:

SIGNATURE

# DEFENDANT STATEMENT

Incident No. 06-12061-AR


DATE: Ay 16, 2006
TIME:
PLACE: N.P.D.

Q. How much do you make a week during that job?

A. Give or take three hundred dollars.

Q. And how much would you make selling crack/cocaine?

A. Approximately, it depends on like we did the thing with this dude. I made a hundred. It would depend on what I did. If I really needed the money.

Q. Is it fair to say that you told me you probably make around four hundred dollars at the most selling?

A. Around three.

Q. Around three hundred dollars, okay. In the course of that you told me that you were behind on child support, is that fair to say?

A. That's what started it.

Q. And before you told me you were a bigger dealer in the past and you never got caught and now you're getting caught for this petty stuff, is that fair to say?

A. Yes.

Q. In the course of locating those drugs you took total possession for the drugs found in your room, is that fair to say?

A. Yes.

Q. And that had nothing to do with the girl who you were stopped with?

A. No.

Q. Is it fair to say you said during this that you kind of knew that the cooperating witness was setting you up? You had a gut feeling?

A. Yes.

Statement taken by: Det. M. Naylor
Witnesses:

SIGNATURE

# DEFENDANT STATEMENT

Incident No. 06-12061-AR
Page 5 of 6

DATE: Ay 16, 2006
TIME:
PLACE: N.P.D.

Q. We're talking about the two phones located on you. The 405-8734 number is your work phone for the small amount of drug dealing you did, correct?

A. That's what I dealt with initially.

Q. And the T-Mobile is your regular phone, correct?

A. Yes, it's legitimate.

Q. And you asked me to give that back to your mom?

A. Yes.

Q. On this day was there any money in that room?

A. No.

Q. No money located. That was room 117 at the Pineapple, correct?

A. Yes.

Q. Is there anything you'd like to add at this time?

A. No, like I said the weed and the powder cocaine was for my personal use basically. And I just got that for a dude called me up right there. I wasn't fucking, I don't want nobody getting hurt buying my shit, man.

Q. I understand. We're going to conclude the interview at this time. For the record we did pause it for about thirty seconds, is that fair to say?

A. Yes.

Q. And that's when you were having, you said you didn't actually see the exchange on the videotape, but you remember the deals taking place, fair to say?

A. Yes.

Q. At no other times did we stop the tape, correct?

Statement taken by: Det. M. Naylor
Witnesses:

SIGNATURE

# DEFENDANT STATEMENT

Incident No. 06-12061-AR
Page 6 of 6

DATE: Ay 16, 2006
TIME:
PLACE: N.P.D.

A. No.

Statement taken by: Det. M. Naylor
Witnesses:

SIGNATURE

STATEMENT OF THE DEFENDANT

Time: 6:30 pm DATE: 5/16/06 Place: Newport P.D.

NAME: David I. Coollogher

ADDRESS: NPA

DATE OF BIRTH: (10-19-70)

I, David I. Callagher, make the following statement(s) after having been advised of my rights. I give up my rights. I do not want a lawyer present at this time. I want to talk to the police. I am doing these things voluntarily and without threats or promises by members of the Newport Police Department, and DEA.

~~[illegible]~~ THE DRUGS IN THE PINEAPPLE INN WERE MINE SOLEY. I DID EVERYTHING ON MY OWN AND KEPT WOMEN AROUND ME TO KEEP ME OUT OF TROUBLE

DG

Signature

Address

Officer(s) witnessing statement(s)