**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**vs.** **CR. No. 06-60S**

**DAVID GALLAGHER**

**MOTION TO STRIKE GOVERNMENT**
**SURPLUSAGE FROM THE PRE-SENTENCE REPORT**

Now comes the defendant, David Gallagher, by and through counsel, and moves this honorable court to enter an Order directing the office of Probation to strike all language contained in the Pre-Sentence Report that refers to alleged remarks made by the defendant to TFA Naylor, and specifically including all language offered as quotes of the defendant concerning the informant in the second-to-last paragraph of the government's version set forth in section 7 of the Pre-Sentence Report.

In support of this motion, the defendant avers and states:

1. The remarks allegedly made were not recorded;
2. The alleged remarks are not relevant conduct;
3. The only report documenting these alleged remarks was prepared a month after the defendant's arrest, and as such the report is inherently unreliable; and
4. The only plausible reason for the government's insistence on including these alleged remarks in the Pre-Sentence Report is to seek additional punitive sanction against the defendant.

The defendant relies on these arguments and those propounded in the accompanying memorandum in support of this motion.

DAVID GALLAGHER
By his attorney,

_/s/_Thomas G. Briody_

R.I. Bar no. 4427
72 Pine Street
Providence, RI 02903
(401) 751-5151
(401) 331-7454 (facsimile)
Tbriodylaw@aol.com

CERTIFICATION

The undersigned certifies that on this 5th day of March, 2007, the defendant provided a copy of this motion by ECF filing to Sandra Beckner, Assistant United States Attorney, Bank of America Center, Providence, RI 02903.

/s/Thomas G. Briody

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**vs.** **CR. No. 06-60S**

**DAVID GALLAGHER**

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE GOVERNMENT SURPLUSAGE FROM THE PRE-SENTENCE REPORT**

The United States, throughout the proceedings in the above-captioned matter, has alleged that David Gallagher told DEA Task Force Agent Naylor that he knew the informant was working for the police, and that he thought of killing the informant. Agent Naylor obtained a tape-recorded statement from Mr. Gallagher on the day of his arrest. However, he failed to record the alleged remarks concerning the informant.

This case proceeded in the usual manner in the district court. No mention of this remark was made in the initial discovery materials disclosed in this case. It was not until June 19, 2006, some 33 days after Mr. Gallagher was arrested, that Agent Naylor wrote a report in which he quoted the alleged remark. Agent Naylor prepared this report not on his own initiative, but at the express request of the AUSA newly assigned to prosecute this matter.[1]

There is not a shred of evidence that Mr. Gallagher ever threatened the informant. Nor is there any evidence that he attempted to contact the informant or to harm the informant following his arrest. The alleged remark was expressly denied by Mr. Gallagher at his change of plea, and in the Pre-Sentence Report. The remark itself has

[1] The prosecutor originally assigned to this case was AUSA Mary Rogers. The case was later transferred to AUSA Beckner.

nothing to do with the offense conduct, is not an element of the offense, and does not affect the guideline sentencing range. Nevertheless, the alleged statement will likely have significant ramifications for Mr. Gallagher. The government obviously expects this court to consider the remark in determining an appropriate sentence. But the inclusion of this alleged statement in the Pre-Sentence Report will ensure that it is reviewed by an indeterminate number of people within the Bureau of Prisons. The information will have a negative effect on Mr. Gallagher's prison designation, perhaps causing him to be sent to a higher security level. It has the potential to prevent him from moving to a lower security at some point in the future. For the sake of a mere allegation—an alleged ***thought,*** at that—Mr. Gallagher faces additional punishment beyond the lengthy sentence which now awaits him.

This court should strike the alleged remark from the Pre-Sentence Report for two reasons. The first is that it is completely unreliable. Agent Naylor's professed reason for failing to record the alleged statement is that he felt that "if questioned regarding his intent or thoughts about harming the [informant], Gallagher would stop talking or change his story." Naylor instead used the recording equipment available to him at the Newport Police Department to interrogate Mr. Gallagher about "the elements of the controlled deliveries." More than a month passed before Naylor wrote a report describing this unrecorded conversation, and he did so only at the urging of the Assistant United States Attorney assigned to this case.

There is no black letter requirement in federal courts that all statements of a defendant be recorded in order to use the statements against him. The Supreme Judicial Court of Massachusetts recently recognized that the failure to record undermines the

trustworthiness of the statement. See Commonwealth v. DiGiambattista, 813 N.E. 2d 516 (2004) (holding that failure to electronically record a statement entitles defendant to cautionary instruction). In reaching its holding, the SJC recognized

> the exceptionally potent quality of a defendant's statement or confession, and that potency can only be magnified when the evidence of that statement is presented by one or more of the interrogating officers. Where, however, those interrogating officers have chosen ***not*** to preserve an accurate and complete recording of the interrogation, that fact alone justifies skepticism of the officers' version of events, above and beyond the customary bases for impeachment of such testimony.

DiGiambattista, 813 N.E.2d at 533 (emphasis in original).

The second reason the statement should be stricken is because it punishes a defendant for mere thought. As Lord Coke famously noted four centuries ago, an act is not criminal unless accompanied by a guilty mind.[2] The converse is equally true; there is no crime without an act to accompany even the darkest of thoughts. Whatever Mr. Gallagher may have thought at the time of his arrest, there is nothing to suggest he did anything to harm or injure anyone.

The government's insistence on reminding the court about these alleged remarks—at the suppression hearing, at the plea hearing, and within the pages of a Pre-Sentence Report— is a calculated effort to portray the defendant in the worst possible light. This allegation should not be used to augment what will already be—by force of the guidelines and the mandatory minimum penalty provided by statute -- a draconian sentence.

[2] "Actus non facit reum nisi mens sit rea."

For these reasons, the defendant asks that his motion be granted, and that the remarks in question be stricken from the Pre-Sentence Report.

DAVID GALLAGHER
By his attorney,

_/s/_Thomas G. Briody_
R.I. Bar no. 4427
72 Pine Street
Providence, RI 02903
(401) 751-5151
(401) 331-7454 (facsimile)
Tbriodylaw@aol.com

CERTIFICATION

The undersigned certifies that on this 5th day of March, 2007, the defendant provided a copy of this motion by ECF filing to Sandra Beckner, Assistant United States Attorney, Bank of America Center, Providence, RI 02903.

/s/Thomas G. Briody