**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR-06-060S** |
| | : | |
| **DAVID GALLAGHER** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE**

The United States of America urges the Court to deny the defendant's motion to strike language from the presentence investigation report (PSR) because the defendant's request is contrary to 18 U.S.C. § 3661 and the United States Sentencing Guidelines (USSG) § 1B1.4.

The defendant asks the Court to disregard the statements made by the defendant to law enforcement about killing the cooperator in this case. The defendant claims that the Court should disregard his statements to law enforcement because (1) they were not recorded and (2) because it would involve consideration of the defendant's thoughts. The defendant also complains that his statements could have an effect upon his designation within the Bureau of Prisons.

As a preliminary matter, the defendant's evidentiary challenge to the inclusion of his statements within the PSR are without merit.[1] This Court has already concluded that Task Force Agent (TFA) Michael Naylor was a credible witness and the

[1] The rules of evidence do not apply at sentencing and the burden of proof is by a preponderance of the evidence. See USSG § 6A1.3 and commentary.

defendant was not. See "Decision and Order," November 15, 2006, pp. 6 & 10. Furthermore, as TFA Naylor's report indicates, the statements were overheard by two other officers and were immediately relayed to several others. See Exhibit 1. Additionally, TFA Naylor's claim is further bolstered by the other evidence in this case; namely, the defendant's violent record and his earlier statement that he would rather take the "assault charge than get caught with drugs." See "Decision and Order," November 15, 2006, p. 2. Finally, nothing in the law dictates that the Court must give less weight to an unrecorded oral statement than it would to a written or a recorded statement. This is especially true when the Court has already determined that the agent who heard the defendant's statement was a credible witness.

As for the "mere thought" challenge to the Court's consideration of the defendant's statements, 18 U.S.C. § 3661 specifically provides "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense . . . [which a court] may receive and consider for the purpose of imposing an appropriate sentence." See also USSG § 1B1.4. The defendant characterizes his statements about killing the cooperator as "mere thoughts;" however, there is a distinction between thoughts and statements

to law enforcement.[2] Given the defendant's violent criminal history, including convictions for assault, robbery, kidnapping, drug trafficking and firearms violations, and his obvious recidivism, the government maintains that the defendant's most recent statements regarding his violent inclinations should be revealed to the Court for its consideration. If the defendant actually believes that his statements are irrelevant, then he should not be concerned that the Court or the Bureau of Prisons will consider them.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

[2] In certain situations, threatening statements unaccompanied by the use of physical force are punishable offenses under Title 18. <u>See</u>, <u>e.g.</u>, 18 U.S.C. §§ 115, 871, 879, 1503, and 1512.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2007, a copy of the within "Government's Response to Defendant's Motion to Strike" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Law Offices of Thomas G. Briody
The Remington Building
91 Friendship Street, Third Floor
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj