IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR-06-060S |
| | : | |
| DAVID GALLAGHER | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S "MOTION FOR DOWNWARD DEPARTURE OR VARIANCE FROM THE SENTENCING GUIDELINES"

The defendant moves for a downward departure for over-representation of criminal history. Alternatively, he seeks a variance from the sentencing guideline range. The defendant's motion should be denied because the sentencing guidelines adequately reflect his criminal history and a guideline sentence is reasonable in light of the nature of the offense, the history and characteristics of the defendant, and the need to promote respect for the law, protect the public, and deter criminal misconduct.

DEPARTURE FOR OVER-REPRESENTATION OF CRIMINAL HISTORY

Section 4A1.3 provides for a downward departure where "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b). The guideline commentary provides, as an example, that a downward departure may be warranted in the case of a defendant with only two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior

in the intervening period. See U.S.S.G. § 4A1.3 commentary note 3. In other words, the guidelines countenance a departure where the criminal history category overstates the risk of recidivism as evidenced by a significant break in criminal activity.

Demonstrating its focus upon recidivism and its belief that substantial prison terms should be imposed upon repeat violent offenders and repeat drug traffickers, the Sentencing Commission decided that a career offender's criminal history category should be a category VI. See U.S.S.G. § 4B1.1(b) and Background commentary note. Thus, for a career offender to be entitled to a departure based upon over-representation of criminal history, the defendant must demonstrate that his case is so "exceptional that it is set apart from typical cases." United States v. Gendraw, 337 F.3d 70, 72 (1st Cir. 2003). Even in the extraordinary case where the Court finds that a career offender's criminal history was overstated, the guidelines limit a downward departure for a career offender to one criminal history category. See U.S.S.G. § 4A1.3(b)(3).

In this case, the defendant had 12 criminal history points even without the career offender designation. Moreover, the defendant had three qualifying convictions for the career offender designation, two of which were for crimes of violence. Based on the PSR, the defendant was incarcerated for nearly half of the fifteen years leading up to his arrest in this case; he was released from prison less than three years prior to this

case; and, he was on probation for four other felony convictions at the time he committed the instant offense. The defendant's convictions are for serious felonies evidencing his inclination to engage in narcotics trafficking and violence. He is a classic career offender.

VARIANCE

Based upon the nature and circumstances of the offense and the history and characteristics of the defendant, a guideline sentence is reasonable and necessary to protect the public from the defendant.

The defendant's relevant conduct in this case exceeds 50 grams of crack cocaine, a quantity of crack cocaine with a street value of $5,000. Yet, the quantity purchased from the defendant does not come close to approximating the level at which he dealt. In his post-arrest interview with Task Force Agent Michael Naylor, the defendant admitted that he previously sold in kilogram quantities and that he was upset that he was "caught selling this petty amount." This defendant is not a small-time dealer, and was instead a serious narcotics trafficker in the Newport area.

The defendant's sentence needs to be severe to address not only the offense but his history and characteristics. As already discussed, the defendant is a career offender, who was on probation for four other offenses at the time he committed the instant offense. His history of violence, however, is the

defendant's most troubling characteristic. The defendant has been convicted of robbery, kidnaping[1], obstructing a police officer, drug trafficking, carrying a pistol without a license, and assault on a correctional officer. He also has a juvenile conviction for breaking and entering and arrests for other offenses involving violence, including assault with a dangerous weapon. There is also evidence that the defendant is or was in a gang called the Five Percenters and that he discussed raising his children as Five Percenters. In short, the defendant has shown himself to be a violent man.

Despite his age, the defendant does not appear to have outgrown his violent nature. In his post-arrest interview with TFA Naylor, the defendant told TFA Naylor that he kept thinking he should kill the informant, and that he would "lie in bed thinking I should just kill him." Furthermore, during the controlled purchase on March 31, 2006, the defendant was heard telling the informant that if the police approached him while he had drugs, he would fight because he would rather take the assault charge than the drug charge. This statement of his intention is believable in light of his two convictions for assaulting or obstructing officers.

For the safety of the public and law enforcement, the defendant should receive a severe sentence.

[1] This conviction was reversed on appeal.

CONCLUSION

Based upon the foregoing, the government respectfully requests that the Court deny the defendant's motion and impose a sentence of 300 months.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

On May 17, 2007, I caused the within "GOVERNMENT'S RESPONSE TO DEFENDANT'S "MOTION FOR DOWNWARD DEPARTURE OR VARIANCE FROM THE SENTENCING GUIDELINES"" to be filed electronically. It is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Thomas G. Briody
72 Pine Street
Providence, RI 02903

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj