MANDATE

06-00060
USDC RI
Smith, W.

# United States Court of Appeals
## For the First Circuit

No. 07-1845

UNITED STATES,

Appellee,

v.

DAVID GALLAGHER,

Defendant, Appellant.

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

JUDGMENT

Entered: June 6, 2008

We have reviewed the record and the parties' submissions, and we affirm.

We see no abuse of discretion in the court's refusal to award funds to appellant David Gallagher ("Gallagher") for a psychological evaluation. As the district court noted, the suggestion that "his childhood made him sell this crack" was far-fetched, yet such a showing would be required in order to justify a downward departure under U.S.S.G. § 5K2.13(2). Furthermore, counsel's written motion was completely lacking in any detail to suggest that Gallagher was suffering from "a significantly reduced mental capacity" at the time of his offense, as required to support a downward departure under section 5K2.13(1). Although Gallagher reported feeling "depressed" while incarcerated, there was no indication that this depression might have been caused by anything other than his legal troubles. Furthermore, he apparently did not seek mental health treatment while detained, nor had he sought such treatment at any time in his life. Counsel's suggestion that Gallagher might be suffering from a significantly reduced mental capacity that contributed substantially to the commission of his

offense seems to be based on little more than idle speculation. Under these circumstances, we can find no abuse of discretion in the court's denial of Gallagher's motion. See United States v. Mastera, 435 F.3d 56, 62-64 (1st Cir. 2006).

Likewise, we reject Gallagher's request for a remand pursuant to Kimbrough v. United States, 128 S. Ct. 558 (2007). Any challenge to the crack/powder differential is irrelevant here because Gallagher was not sentenced under the crack guidelines. See United States v. Jimenez, 512 F.3d 1, 8-9 (1st Cir. 2007). Moreover, the district court already has given Gallagher a sentence substantially below the guideline range, and there is no reason to think that the court would be more generous still if this case were to be remanded. Thus, he has failed to show a reasonable probability exists that he would receive a lower sentence on remand in light of Kimbrough. Cf. United States v. Antonakopoulos, 399 F.3d 68, 81 (1st Cir. 2005).

We have reviewed counsel's letter submitted pursuant to Fed. R. App. P. 28(j), and we find no need for further briefing on the issue raised therein. United States v. Martin, 520 F.3d 87 (1st Cir. 2008), simply restated the principle from Gall v. United States, 128 S. Ct. 586 (2007), that the district court has wide discretion to sentence outside the guideline range. See Martin, 520 F.3d at 91-92. The district court clearly understood that discretion, and it exercised it here. It also made it clear that it was unwilling to impose an even lower sentence in light of Gallagher's violent criminal background. Given all of this, we see no reasonable probability that the court would impose a lower sentence were we to remand the matter for further consideration in light of Gall. The motion to file an additional supplemental brief is denied.

Affirmed. See 1st Cir. R. 27.0(c).

By the Court:

/s/ Richard Cushing Donovan, Clerk.

cc:
Tamara A. Barney
Sandra Beckner
Donald Lockhart

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

[signature]
Deputy Clerk

Date: 7/9/08