UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.            ) | CR No. 06-060-S |
| ) | |
| DAVID GALLAGHER      ) | |

**AMENDED MEMORANDUM AND ORDER**

William E. Smith, United States District Judge.

Petitioner David Gallagher has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, that motion is denied.

I.   BACKGROUND AND TRAVEL

Gallagher was charged in a one-count indictment with possession with intent to distribute 9.5 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). He was arrested at the Pineapple Inn in Newport by law enforcement agents pursuant to an arrest warrant on May 16, 2006. After obtaining Gallagher's consent, the agents searched his room at the Inn and seized drugs, including crack cocaine and powder cocaine, a digital scale, drug packing equipment and related paraphernalia.

Throughout all proceedings in this Court, Gallagher was represented by CJA appointed counsel, Attorney Thomas Briody.

Gallagher moved to suppress certain statements he made to law enforcement agents after his arrest. As part of this motion, he

challenged the voluntariness of his consent to the search of his motel room. After a four-day evidentiary hearing, this Court found that Gallagher's consent was voluntary and denied the motion. (See Decision and Order dated November 15, 2006 (Doc. #46) ("Suppression Order").) Counsel also filed a motion under seal requesting funds to conduct a psychiatric examination of Gallagher, which this Court denied.

On November 21, 2006, Gallagher pled guilty, without any plea agreement. In the course of his plea, Gallagher admitted that he made four separate crack cocaine sales to a cooperating witness, netting $1,800, and admitted to the drugs and related items seized in the search of his motel room. He also admitted that he had prior felony drug convictions. (See Transcript of Change of Plea Hearing conducted on November 21, 2006 ["Plea Tr."] at 11-13, 18-19.)

The presentence report (PSR) calculated an advisory guideline range of 262 - 327 months, based on a net offense level of 34 and Gallagher's status as a Career Offender. (PSR ¶¶ 21-30, 50.) The statutory minimum penalty for his offense was ten years imprisonment. 21 U.S.C. § 841(b)(1)(A).

Prior to sentencing, Gallagher's counsel filed objections to the PSR and a motion for a downward departure or downward variance (Doc. #55). The departure motion was brought primarily on the

basis that Gallagher's criminal history was overrepresented but also discussed difficulties in his childhood upbringing.

At the sentencing hearing this Court denied Gallagher's motion for downward departure but determined, based upon counsel's arguments and the facts presented, that a downward variance was appropriate. (See Transcript of Sentencing Hearing conducted on May 18, 2007 ["Sent. Tr."] at 44-51.) Thus, this Court imposed a sentence of 220 months -- 42 months below the bottom of the guideline range -- followed by eight years of supervised release. (Id. at 51.)

Gallagher appealed to the First Circuit, represented by different counsel, Attorney Tamara Barney. On appeal he challenged this Court's denial of his motion for funds for a psychological exam. His appellate counsel also filed a supplemental brief contending that this Court erred when it did not consider the U.S. Sentencing Guidelines' disparate treatment of crack versus powder cocaine. In addition, on April 1, 2008, counsel submitted a letter to the First Circuit requesting that the Court of Appeals consider the impact of United States v. Martin, 520 F.3d 87 (1st Cir. 2008), and Gall v. United States, 552 U.S. 38, 128 S. Ct. 586 (2007), upon Gallagher's case, and allow Gallagher an opportunity to provide supplemental briefing on the issue. (See Government Response to Petitioner's Motion to Vacate, Set Aside or Correct the Sentence pursuant to 28 U.S.C. § 2255 ["Gov't Mem."], Ex. 1.)

The First Circuit affirmed Gallagher's conviction, finding no abuse of discretion in the denial of funds for a psychological exam. See United States v. David Gallagher, Dkt. No. 07-1845 (1st Cir. June 6, 2008) at 1-2. The Court of Appeals also refused to remand Gallagher's case for re-sentencing, noting that Gallagher had already received a significant variance from the guideline range and that the "district court clearly understood [its] discretion, and it exercised it here." Id. at 2. Finally, the Court declined Gallagher's request for supplemental briefing on the issues raised by Martin and Gall, finding that this Court had "made it clear that it was unwilling to impose an even lower sentence in light of Gallagher's violent criminal background." Id. Gallagher's petition for writ of certiorari was denied by the Supreme Court on October 14, 2008. Gallagher v. United States, 129 S. Ct. 436 (2008).

Thereafter, Gallagher timely filed the instant motion to vacate, claiming ineffective assistance on the part of both his trial court counsel and his appellate counsel.[1] The Government has opposed the motion, and Gallagher has filed a Reply. See Rule

---

[1] See generally Petitioner David Gallagher's Memorandum of Law in Support of Motion under Title 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("Pet. Mem.").

4

5(d), Rules Governing Section 2255 Proceedings. This matter is ready for review.[2]

II. DISCUSSION

Title 28 U.S.C. § 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Generally, the grounds justifying relief under 28 U.S.C. §2255 are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. United States v. Addonizio, 442 U.S. 178, 184-185 (1979). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." Id. at 185 (internal quotations omitted).

---

[2] Although Gallagher has requested an evidentiary hearing, no hearing is necessary in this matter. See Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (district court may forego such a hearing when "the movant's allegations, even if true, do not entitle him to relief, or . . . [when] the movant's allegations 'need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.'") (quoting David v. United States, 134 F.3d 470, 477 (1st Cir.1998)) (in turn quoting United States v. McGill, 11 F.3d 223, 225-26 (1st Cir.1993)).

Moreover, a motion under § 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982). A movant is procedurally precluded from obtaining § 2255 review of claims not raised on direct appeal absent a showing of both "cause" for the default and "actual prejudice" or, alternatively, that he is "actually innocent" of the offenses for which he was convicted. Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted). See Owens, 483 F.3d at 56-57 (same). However, claims of ineffective assistance of counsel are not subject to this procedural hurdle. See Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

A.  Ineffective Assistance Claims

A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

(1) That his counsel's performance "fell below an objective standard of reasonableness"; and
(2) "[A] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). See Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002).

The defendant bears the burden of identifying the specific acts or omissions constituting the allegedly deficient performance. Conclusory allegations or factual assertions that are fanciful, unsupported or contradicted by the record will not suffice. Dure

6

v. United States, 127 F. Supp. 2d 276, 279 (D.R.I. 2001) (citing Lema v. United States, 987 F.2d 48, 51-52 (1st Cir. 1993)).

In assessing the adequacy of counsel's performance, "the Court looks to 'prevailing professional norms.' All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances." Ramirez v. United States, 17 F. Supp. 2d 63, 66 (D.R.I. 1998) (quoting Scarpa v. DuBois, 38 F.3d 1, 8 (1st Cir. 1994) and citing Strickland, 466 U.S. at 688). To satisfy the prejudice requirement under Strickland, a defendant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). See United States v. Colon-Torres, 382 F.3d 76, 86 (1st Cir. 2004).

1. Trial Court Counsel

Gallagher presents several claims alleging ineffective assistance by his trial court counsel. He first claims that his counsel was ineffective for failing to secure a plea agreement that decreased his risk of exposure at sentencing. (Pet. Mem. at 4.) However, Gallagher does not allege that he discussed a plea agreement with counsel, nor does he explain how a plea agreement would have enabled him to obtain a more favorable guideline range or sentence. See Cummings v. Sirmons, 506 F.3d 1211, 1228 (10th Cir. 2007) (ineffective assistance claim failed where petitioner

7

did not identify any facts which counsel could have used to obtain a better plea offer). Absent such a showing, there can be no finding of deficient performance.

Moreover, even if counsel was deficient in failing to obtain a plea agreement, Gallagher cannot contend that he would not have pled guilty absent counsel's deficient performance, as he did so in any event. Indeed, even without an agreement, the Government requested that Gallagher receive a three-point reduction for acceptance of responsibility. (Plea Tr. at 11.) Thus, he cannot establish prejudice under Strickland. See Hill, 474 U.S. at 59.

Gallagher also claims that his counsel was ineffective in his representation at sentencing. Specifically, Gallagher alleges that counsel (1) did not rebut this Court's "implicit" treatment of the sentencing guidelines as "presumptively reasonable" and (2) did not sufficiently argue the factors under 18 U.S.C. § 3553(a) or present facts to support his motion for a downward departure. (Pet. Mem. at 4-7.) These claims are flatly contradicted by the record.

The transcript of the sentencing proceeding reveals that at no point did this Court treat, or refer to, the sentencing guidelines as "presumptively reasonable." Gallagher does not point to any statement of either his counsel or this Court which indicated that approach. In the absence of any such showing, on the record or otherwise, this claim fails at the outset. See Cody v. United

States, 249 F.3d 47, 53, n.6 (1st Cir.2001) (ineffective assistance claim raised in a perfunctory manner deemed waived).

Gallagher's contention that his counsel failed to argue the factors under 18 U.S.C. § 3553(a) is likewise belied by the record. At the sentencing hearing defense counsel argued in mitigation that Gallagher's criminal history was overrepresented, that he had participated in prison programs, that his family background was difficult, that his age warranted a lesser sentence, and that a sentence at the statutory minimum would provide adequate protection for the public and deterrence. (Sent. Tr. at 34-46.) Counsel also argued, persuasively, that this Court show flexibility and compassion in imposing sentence. Nearly all of these arguments fall within the sentencing factors outlined by § 3553(a). Finally, this Court noted that the primary factor driving Gallagher's guideline range and sentence was his career offender status, which this Court could not change. (Id. at 47.)[3]

Gallagher further claims that his counsel did not adequately support his motion for a downward departure or variance, which was

---

[3] Gallagher's arguments (Pet. Mem. at 5) that counsel failed to point out alternate guideline ranges (1) based on the disparity between cocaine base and powder cocaine, or (2) without the career offender status, likewise fall short. During argument counsel briefly alluded to proposed amendments to the Guidelines easing sentences for crack cocaine offenses (see Sent. Tr. at 44), but his failure to press them was not deficient because, as this Court noted (id.), such amendments would not apply to career offenders like Gallagher. For the same reason, counsel was not required to advocate for a non-career offender guideline range, as Gallagher did not dispute his career offender status -- nor could he.

9

based primarily on the alleged effects of childhood stress and an allegedly overstated criminal history. (Pet. Mem. at 10-11.) However, the record shows that prior to sentencing Gallagher's counsel filed an *ex parte* motion for psychiatric examination, which was denied. In addition, counsel filed a supplemental memorandum (Doc. #57) in support of his motion for departure rebutting the Government's assertions that Gallagher belonged to a gang. At sentencing, counsel presented information concerning the circumstances surrounding Gallagher's plea in a prior robbery conviction -- according to counsel, Gallagher was "wrapp[ing] up a series of criminal matters" -- which information this Court considered in reaching its sentence. (Sent. Tr. at 23-26, 48.) In light of these efforts, counsel's performance was not deficient. In addition, although this Court denied the motion for downward departure, it stated that it would consider the arguments made by counsel in connection with a variance (*id.* at 29) -- and in fact did so when it determined to vary Gallagher's sentence downward by 42 months. Thus, Gallagher cannot show prejudice, and this claim fails.

Gallagher's further claim that trial counsel was ineffective in failing to preserve for appeal this Court's denial of his motion to suppress (Reply at 2) is also without merit. While it is true that the denial of the motion to suppress was not raised on appeal, Gallagher has not shown how this was the fault of his trial counsel,

who did not represent him on appeal. He likewise makes no showing that there was any substantial chance of reversal of that ruling on appeal so that he was prejudiced. Rather, as this Court has previously found in this case, Gallagher had provided verbal consent to the search and later gave statements to law enforcement agents, after being provided with written Miranda warnings, concerning his involvement in the drug offense charged. (See Suppression Order at 7-11.)

Finally, Gallagher's claim concerning his trial counsel's failure to sufficiently invoke Gall and Kimbrough v. United States, 552 U.S. 85, 128 S. Ct. 558 (2007), likewise fails. His sentence was imposed some seven months prior to those decisions, and counsel cannot be faulted for not predicting their precise holdings.[4] In any event, this Court was fully aware of its discretion to impose -- and in fact did impose -- a sentence below the guideline range.

---

[4] In Gall the Supreme Court upheld a sentence of probation that represented a 100% downward variance from the bottom of the applicable guideline range. 128 S. Ct. at 594. In Kimbrough the Supreme Court held that a sentencing court may vary from guideline ranges based solely on policy considerations, including disagreements with the guidelines. 128 S. Ct. at 570. Both decisions emphasized a district court's wide latitude in imposing individual sentences post-Booker.
   This Court recognizes, given the recent expressions by the Department of Justice and the Sentencing Commission that the 100:1 crack and powder cocaine ratio is indefensible and will likely no longer be advocated, that Gallagher's sentence, if imposed today, might well have been less than 220 months. However, as noted by the Court of Appeals, this is of no consequence to the outcome here, as "Gallagher was not sentenced under the crack guidelines." Gallagher, Dkt. No. 07-1845 at 2.

2. <u>Appellate Counsel</u>

The First Circuit has summarized the standards for ineffective assistance of appellate counsel as follows:

> To establish ineffective assistance of appellate counsel, a defendant "must first show that his counsel was objectively unreasonable." <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000). As applied to appellate counsel, that standard is difficult to meet because, to be effective, "appellate counsel . . . need not (and should not) raise every nonfrivolous claim, but rather may select among them in order to maximize the likelihood of success on appeal." <u>Id.</u> at 288. If a defendant succeeds in making that showing, he must still "show a reasonable probability that, but for his counsel's unreasonable failure to [raise a particular issue], he would have prevailed on his appeal." <u>Id.</u> at 285. In applying this test, courts "presume that the result of the proceedings on appeal is reliable . . . and . . . require [the defendant] to prove the presumption incorrect in his particular case." <u>Id.</u> at 287. "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." <u>Gray v. Greer</u>, 800 F.2d 644, 646 (7th Cir.1986).

<u>Thompson v. Spencer</u>, 111 Fed. Appx. 11, 13 (1st Cir. 2004).

Gallagher claims that his appellate counsel rendered ineffective assistance by (1) failing to raise the crack/powder cocaine sentencing disparity and (2) failing to challenge this Court's "implicit" treatment of the guidelines as reasonable. (Pet. Mem. at 5-7.)

Contrary to Gallagher's assertions, both of these arguments were raised by his counsel on appeal. As noted above, appellate counsel filed a supplemental brief raising the issue of the crack/powder disparity in the Sentencing Guidelines. Counsel also

submitted a letter to the First Circuit requesting the Court to consider the impact of Martin and Gall on Gallagher's pending appeal and to remand for re-sentencing. In that letter, counsel argued that this Court was constrained by the sentencing guidelines and did not appreciate its discretion to impose a sentence below the guideline range.

The fact that the Court of Appeals rejected these arguments does not render appellate counsel's performance deficient. The court noted that the crack/powder differential was "irrelevant here because Gallagher was not sentenced under the crack guidelines." Gallagher, Dkt. No. 07-1845 at 2. The Court of Appeals also found that this Court clearly understood its discretion to impose a sentence below the guideline range and in fact did so, sentencing Gallagher to a 222 months imprisonment -- 42 months below the bottom of the guideline range.

Gallagher's final claim that appellate counsel should have raised issues that would have survived a plain error standard of review (Reply at 4) is summarily rejected. Gallagher does not identify any arguments meeting this standard, and in any event appellate counsel was free to raise those challenges that she believed were the strongest. See Robbins, 528 U.S. at 288.

In view of the foregoing, Gallagher's ineffective assistance claims concerning his appellate counsel must fail.

III. <u>CONCLUSION</u>

   For all of the foregoing reasons, Gallagher's motion to vacate sentence is DENIED and DISMISSED.

IT IS SO ORDERED:

_/s/ William E. Smith_
William E. Smith
United States District Judge
Date: 9/25/09